IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BARRY LAMAR BARTLETT,<br><br>       Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, SALT LAKE COMMUNITY COLLEGE, AUSTIN G. JOHNSON, Utah State Auditor, JUDD D. MORGAN, PAMELA HUNT, DANIEL BINGHAM, CRAIG GARDNER and JOHN DOES 1-25,<br><br>       Defendants. | ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT<br><br><br><br>Case No. 2:06-CV-00048 PGC |

The named defendants in this case move the court to require plaintiff Barry Bartlett provide a more definite statement as a companion to his amended complaint [#3]. Mr. Bartlett opposes this motion, arguing that he has met the pleading requirements of the court and that he will "utilize the liberal discovery rules to determine whether the claims are appropriately brought against Defendants as a whole or only against certain individuals."[1]  Based on the court's reading

---

[1] Def's Memo. in Opp. of Mot. for More Def. Statement, at 2 (June 5, 2006).

of the complaint and the briefs for this motion, the court GRANTS defendants' motion for a more definite statement and orders Mr. Bartlett to provide a more definite statement within 21 days of this order.

## DISCUSSION

On January 13, 2006, Mr. Bartlett filed a complaint based on events surrounding his termination by Salt Lake Community College.  On April 20, 2006, Mr. Bartlett filed an amended complaint.  In this complaint, Mr. Bartlett alleged fifteen different causes of action, including libel, slander, age discrimination, violation of his free speech rights, violation of 42 U.S.C. § 1983, violation of his procedural and due process rights, violation of the equal protection clause and intentional interference with economic relations.  He alleged these causes of action against the State of Utah, Salt Lake Community College, Utah State Auditor Austin Johnson, Judd Morgan, Pamela Hunt, Daniel Bingham, Craig Gardner and twenty-five "John Does."  With one exception (his age discrimination claims), Mr. Bartlett directs his causes of actions against all defendants.  Although Mr. Bartlett's statement of facts alleges activities undertaken by each individual defendant, he does not parse out which defendants are to be held responsible for which causes of action.

Arguing that Mr. Bartlett's amended complaint was unnecessarily vague, defendants filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e).  Specifically, defendants request that Mr. Bartlett specify in his complaint which claims he alleges against each named defendant.  Mr. Bartlett opposes the motion, arguing that his complaint meets the pleading requirements under Fed. R. Civ. P. 8(a).  He also states that the individual named

defendants can be connected (or not) to each cause of action during discovery.  In response, defendants argue that they should not have to expend time and money determining the the nature of the claims against them, especially when Mr. Bartlett could simply specify which individual defendants are sued for which claims.

When a pleading is "so vague or ambiguous that a responsive pleading cannot be framed," a responding party may move under Rule 12(e) for "an order directing the pleader to serve a more definite statement."[2]  While Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief," pleadings must "specify the allegations in a manner that provides sufficient notice" to the adverse party.[3]  The Federal Rules generally require a statement that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[4]  But this short and clear statement needs to provide fair notice to *each individual* defendant, unless the plaintiff has a good faith belief that each and every defendant named in his complaint engaged in each and every claim to which he alleges.  As the Ninth Circuit notes, to provide sufficient notice where there are multiple claims against multiple defendants, a complaint should identify "which defendants are liable to plaintiff[] for which wrongs, based on the evidence."[5]  Although Mr.

---

[2] Fed. R. Civ. P. 12(e)

[3] *Swierkiewwicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (finding 12(e) motion appropriate where, given the number of defendants and allegations, complaint's general reference to "defendants" was impermissibly vague.)

Bartlett argues that discovery should take its course to determine which defendants should be liable for which causes of action, the court desires to avoid a situation where only "by months or years of discovery and motions can each defendant find out [exactly] what he is being sued for."[6]

Mr. Bartlett's complaint offers the court seven named defendants and fifteen separate causes of action.  The complaint's wholesale allegations fail to inform individual defendants of what is claimed against them, thereby making it difficult for each to properly respond and raise defenses.  If Mr. Bartlett believes in good faith that each and every individual defendant is responsible for each alleged cause of action, then the complaint might pass muster.  But Mr. Bartlett has not stated as such in his opposition memo, but rather believes the discovery process will sort everything out over time.  The vague declarations of responsibility for each individual defendant appears to create a costly and time consuming process by which each defendant must unearth the claims against him or her in discovery.  Such a result would be especially unfair if, after discovery, certain individual defendants find they misunderstood the scope of the allegations and failed to raise proper defenses.

Mr. Bartlett appears to have effectively alleged a wide range of facts and causes of action, so it may well be the case that he will also be effective in pinpointing exactly which individual defendants allegedly caused him harm for each cause of action.  Discovery is not necessary for Mr. Bartlett to at least clarify his allegations, especially as most arise from specific incidents or personal interactions with individual defendants.  The court believes that allegations possessing, or likely to possess, evidentiary support, can be easily matched with individual defendants at this

---

[6] *Id*.

stage in the pleadings.  Therefore, the court finds the collective defendants' motion for a more definite statement appropriate in this context.

## CONCLUSION

The court GRANTS defendants' motion for a more definite statement under Fed. R. Civ. P. 12(e) [#3].  The court directs Mr. Bartlett to file a more definite statement identifying which individual defendants are responsible for which causes of action in his complaint within 21 days of this order.

SO ORDERED.

DATED this 23rd day of June, 2006.

BY THE COURT

_____
Paul G. Cassell
United States District Judge